UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDA TABARES,

Plaintiff,

v. Case No. 8:26-cv-2293-VMC-AEP

PROGRESSIVE SELECT INSURANCE COMPANY,

Defendant.
______________________________/

# ORDER

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

## Discussion

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff initiated this uninsured motorist action in state court. (Doc. # 1-5). Thereafter, on August 7, 2026,

Defendant removed the case to this Court based on diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint states that Plaintiff seeks damages in excess of $50,000 but does not state a specified claim to damages. (Doc. # 1-5 at 1). Instead, in the notice of removal, Defendant relied upon a pre-suit demand letter for $100,000, and the details of damages outlined therein, including approximately $16,250 in past medical expenses, $4,540 in future medical expenses, and more than $4.8 million for pain and suffering. (Doc. # 1 at 2, 5-7; Doc. # 1-2 at 5).

Upon review of the notice of removal, the Court was not persuaded that the amount-in-controversy requirement has been satisfied. (Doc. # 4). Specifically, the Court wrote:

> Defendant relies on a pre-suit demand letter to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold. But demand letters do not automatically establish the amount in controversy. Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-TJC-J_K, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"). Rather, courts evaluate whether demand letters "reflect puffing and posturing" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" Id. (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)). Here, Defendant notes that the pre-suit demand letter demanded the policy limit of $100,000. (Doc. # 1 at 2). However, the only concrete damages Plaintiff alleged to have incurred are past medical expenses of $16,250. (Doc. # 1-2 at 5). All other categories of damages, including pain and suffering and future medical expenses, are pure speculation because no specific information is provided to support their calculation. Therefore, it appears to the Court that the demand letter is mere puffery. Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

(Id.).

Defendant has now responded to the Court's order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 13). However, Defendant still fails to show by a preponderance of the evidence that the amount in controversy

exceeds $75,000. In its new notice, Defendant reiterates the claimed damages in the demand letter, including the $16,250 in past medical expenses. (Id. at 3-6). Defendant also cites cases in which juries have awarded plaintiffs more than $75,000 "where the alleged injuries were similar to Plaintiff's." (Id. at 7-10).

The Court disagrees with Defendant's arguments. As the Court emphasized before, demand letters do not automatically establish the amount in controversy. See Lamb, 2010 WL 6790539, at *2 (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-SDM-EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010) (same). Rather, courts evaluate whether demand letters "'reflect puffing and posturing'" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" Lamb, 2010 WL 6790539, at *2 (citation omitted).

The Court determines that Plaintiff's demand for the policy limit of $100,000 reflects puffing and posturing. Plaintiff has only incurred about $16,000 in medical expenses thus far. Further, even if the Court were to credit Plaintiff's claim regarding future medical expenses, the

demand letter estimates the cost of such expenses as only $4,540. (Doc. # 1-2 at 5).

Additionally, Plaintiff's estimates of $24,480 for past pain and suffering and approximately $4.8 million for future pain and suffering damages are too speculative to include in the amount in controversy calculation. (Id. at 5-6). "Courts will not speculate as to the value of damages for pain and suffering." Reyes v. Stockhill, 568 F. Supp. 3d 1288, 1292 (M.D. Fla. 2021); see also Johnson-Lang v. Fam. Dollar Stores of Fla., LLC, No. 8:21-cv-902-VMC-CPT, 2021 WL 1625167, at *2 (M.D. Fla. Apr. 27, 2021) ("Family Dollar Stores does not provide sufficient detail about Johnson-Lang's pain and suffering or the other unspecified damages she has allegedly experienced."); Nelson v. Black & Decker (U.S.), Inc., No. 8:16-cv-869-SCB-JSS, 2015 WL 12259228, at *3 (M.D. Fla. Aug. 31, 2015) ("Plaintiff asserts that her damages consist of lost past wages and past medical expenses totaling $55,387.24, plus future medical expenses, plus pain and suffering. There is no information for the Court to estimate the amount of future medical expenses, and the Court will not engage in speculation regarding the value of her claim for pain and suffering.").

Finally, the Court is not persuaded by Defendant's citations to other cases in which juries awarded over $75,000 in damages. (Doc. # 13 at 7-10). Such damages awards in different cases do not support that Plaintiff's damages exceed $75,000 in this particular case. See Javier-Anselmo v. Wal-Mart Stores E., L.P., No. 8:20-cv-548-VMC-JSS, 2020 WL 1271063, at *1 (M.D. Fla. Mar. 17, 2020) ("Wal-Mart still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In fact, the only additional information Wal-Mart provides is a list of other slip-and-fall cases in which Florida courts have awarded over $75,000 in damages. But the Court is not persuaded that such damages awards support that Javier-Anselmo's damages exceed $75,000 in this case." (citation omitted)).

In short, the only concrete damages outlined in the record are approximately $16,000 in past medical expenses. This is far below the $75,000 minimum to establish jurisdiction. Defendant has not carried its burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of August, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE